ZACHARY LEVINE (SBN 265901)
zjl@wolklevine.com
SARAH R. WOLK (SBN 251461)
srw@wolklevine.com
WOLK & LEVINE, LLP
535 N. Brand Blvd., Ste. 300
Glendale, CA 91203
Telephone: 818-241-7499
Facsimile: 323-892-2324

Attorneys for Plaintiff
Daniel Vigour

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DANIEL VIGOUR, an individual;

        Plaintiff,

  vs.

JOSEPH VIGOUR, an individual; and
DOES 1-10;

        Defendants.

**COMPLAINT FOR:**

1. **Declaratory Relief; and**
2. **Unfair Business Practices (Cal. Business & Professions Code § 17200, *et seq.*).**

**DEMAND FOR JURY TRIAL**

Plaintiff Daniel Vigour ("Plaintiff"), by and through their undersigned counsel, files the following Complaint for Declaratory Relief and Unfair Business Practices complaining of Joseph Vigour and Does 1 through 10 (individually a "Defendant" and collectively the "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this case under the Declaratory Judgment Act (28 U.S.C. § 2201); because this action arises under the U.S. Copyright Act, 17 USC §101 *et. seq* (the "Act") and seeks remedies expressly

granted by the Act; under 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (any Act of Congress relating to copyright or trademarks).

2.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state claim herein in that this claim is related to, and forms part of, the same case and controversy as the federal claim herein.

3.     This Court has personal jurisdiction over the Defendant in that the Defendant resides in this jurisdiction and conducts business here.

4.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

## PARTIES

5.     Plaintiff Daniel Vigour is, and at all times relevant hereto was, an individual residing in Los Angeles County, California.

6.     Defendant Joseph Vigour is, and at all times relevant hereto was, an individual residing in Los Angeles County, California.

7.     Does 1-10, are, and at all times relevant hereto were, by the nature of their conduct, liable to the Plaintiff for the acts and omissions alleged herein. At such time as the true names and identities of the Doe Defendants are known, Plaintiff will seek leave of this Court to amend their complaint to add the same.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.     On October 28, 2013, Plaintiff Daniel Vigour, Defendant Joseph Vigour, and third-party Matthew Austin entered into an "Author Collaboration Agreement" regarding their collaboration on the Chaosmos board game (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference.

COMPLAINT - 2

9. According to the Agreement, each signatory is a "Co-Creator" of Chaosmos (the "Work") and the copyright in the same is to be held in all of their names. Further, any money or other consideration from the exploitation of the Work is to be distributed sixty-four percent (64%) to Defendant Joseph Vigour, twenty-four percent (24%) to Plaintiff Daniel Vigour, and twelve percent (12%) to third-party Matthew Austin.

10. Although the terms of the Agreement specifically do not cover "any sequels or expansions" to the original Work, the Agreement does modify the overall default handling of jointly owned or created work. Specifically, according to Section 12 of the Agreement, derivative works "shall be subject to a new agreement". Accordingly, the parties are not free to exploit any work subject to an accounting right but are required to reach an agreement on future projects.

11. Certain visual and conceptual elements that were incorporated into the Work were developed independently by Plaintiff Daniel Vigour. No written art license or copyright transfer was made for these elements to be used in any sequels, expansions, derivative works, or otherwise.

12. In direct contradiction of Plaintiff's rights, Defendant has created, marketed, and distributed derivative and modified Chaosmos products that incorporated Plaintiff's original work without authorization. Defendant has also created and marketed products that are derivative to the Work without a new agreement as required by the Agreement.

13. Plaintiff and Defendant, through counsel, have engaged in discussions regarding these matters and it is clear that there is a real and actual controversy between the parties that is ripe for adjudication by this Court. In addition to the present dispute concerning the interpretation and enforcement of the Agreement as it relates to derivative works, Defendant has taken the position that Plaintiff no longer has any rights in the Work.

14.    Defendant has demonstrated a pattern of ignoring Plaintiff's rights and their own contractual obligations and Plaintiff reasonably believes that Defendant will continue to operate in this manner unless enjoined by the Court.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

15.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 14 inclusive, with the same force and effect as though set forth in full hereat.

16.    A real and actual controversy exists between the parties: (1) as to whether the Agreement requires the parties to enter into new agreements related to the creation of derivative works; and (2) what rights each of the parties has in the Work.

17.    Plaintiff prays for a declaratory judgment establishing that the Agreement requires the parties to enter into an agreement prior to creating works that are derivative to the Work.

18.    Plaintiff prays for a declaratory judgment establishing that Plaintiff is entitled to a twenty-four percent (24%) interest in the copyright of the Work and any associated proceeds from exploitation.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Business Practices Under California Business and Professions Code § 17200 *et seq.*)

19.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 14 inclusive, with the same force and effect as though set forth in full hereat.

20.     Defendant's acts have impaired Plaintiff's rights and caused Plaintiff harm, and constitute common law unfair business practices within the meaning of California Business and Professions Code § 17200 *et seq.*

21.     Unless enjoined by this Court, Defendant will continue their acts of unfair business practices causing Plaintiff immediate and irreparable damage

22.     Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease these unfair business practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

23.      Judgment in Plaintiff's favor and against Defendant on all causes of action alleged herein;

24.     An order declaring that the Agreement requires the parties to enter into an agreement prior to creating works that are derivative to the Work;

25.     An order declaring that Plaintiff is entitled to a twenty-four percent (24%) interest in the copyright of the Work and any associated proceeds from exploitation;

26.     A permanent injunction enjoining Defendant, their agents, assigns, licensees, and employees from exploiting the Work without accounting to Plaintiff and from creating or marketing works that are derivative to the Work without first reaching an agreement with Plaintiff;

///
///
///
///
///
///

COMPLAINT - 5

27.    Any other remedies to which Plaintiff may be entitled.

DATED: March 19, 2026                    WOLK & LEVINE, LLP


                                         /s/ Zachary Levine_____

                                         By: Zachary Levine, Esq.
                                         Attorneys for Plaintiff Daniel Vigour


## **DEMAND FOR A JURY TRIAL**

Pursuant to F.R.C.P. Rule 38 and Local Rule 38-1, Plaintiff requests a trial by jury.


DATED: March 19, 2026                    WOLK & LEVINE, LLP


                                         /s/ Zachary Levine_____

                                         By: Zachary Levine, Esq.
                                         Attorneys for Plaintiff Daniel Vigour

# EXHIBIT A

# AUTHOR COLLABORATION AGREEMENT

**THIS AGREEMENT** is by and between

Joey Vigour ,

Danny Vigour and

Matthew Austin ,

hereafter referred to as the "Parties" and "Co-Creators".

The Parties have designed in collaboration a board game with the working title Chaosmos, hereinafter referred to as the "Work" with the following description:

**Chaosmos is a social deduction board game featuring hand management, memory, variable player powers, exploration, dice rolling, and bluffing.**

The following shall set forth our understanding with respect to our respective rights in the Work and the royalties and other considerations to which we may be entitled pursuant to said Agreement:

**1.** The Parties have collaborated in the writing of the Work and the copyright in the Work by mutual consent shall be secured and held in the sole names of**:**

Co-Creator Name: **Joey Vigour**,
Co-Creator Name: **Danny Vigour** and
Co-Creator Name: **Matthew Austin**

for the term of the copyright, and for any additional or new copyright which may hereafter be embodied in any copyright law throughout the world. On any copyright registration, all Co-Creators are to be listed as authors of the Work and as copyright claimants of the Work, and their names are to be positioned first, second, and third on such copyright registration as indicated herein.

**2.** All monies, advances, proceeds, and other considerations which may become payable to us with respect to said Agreement and from the sale, lease, license, or other disposition of any and all rights in and to the Work now or which may hereafter come into existence shall be apportioned between us as follows:

Co-Creator **Joey Vigour :**          64.0 **%**
Co-Creator **Danny Vigour :**        24.0 **%**
Co-Creator **Matthew Austin :**     12.0 **%**

**3.** It is expressly understood that we hereunder do not intend to form a partnership company nor shall this agreement be construed to constitute the creation of such a business entity.

Author Collaboration Agreement                                    pg. 2 of 4

**4.** The authorship of the Work shall appear on the Work, and may appear on any other material, including, but not limited to, advertising. All Parties shall be appropriately represented as agreed upon prior to the printing of the Work.

We will inform our agent (if applicable) and the publisher of this requirement.

**5.** Each Party hereto warrants and represents to the other that any material written or provided by him or her in connection with the Work is not in any way a violation of a copyright or common law or right of privacy and that it contains nothing of a libelous or illegal character, and each party agrees to indemnify and hold the others harmless against any loss or damage arising out of a breach of any of the foregoing warranties and representations described in this clause.

**6.** Any Party may terminate this Agreement, effective with the giving of written notice of termination, in the event that any other Party commits a material breach of its obligations, and the breach is not remedied within 30 days of receipt of written notice of the breach requesting its remedy. The failure of a Party to enforce any provision of the Contract shall not constitute a waiver nor affect its right to enforce such and every other provision.

**7.** Each Party shall keep the other Parties informed in a reasonable and timely manner in matters and required mutual decisions regarding the Work. Each Party shall respond to communications from the other Parties regarding the Work and from others having an interest in the Work in a reasonable and timely manner so as not to harm or unreasonably delay the creation, sale, or other disposition of the Work.

**8.** It is further acknowledged and agreed that

Representation info not available at the time of signing
_____

shall be the exclusive agent or representation of the Parties for the purpose of sale or other disposition of the Work or any rights therein, until such agent or representation is terminated by the Parties, or ceases to represent the Work for any reason. In the absence of an agent or other representation, all said payments are to be made directly to the Co-Creators in the percentages stated in this Agreement. If no agent or representation is available at the time of signing of this Agreement, the phrase "Representation information not available at the time of signing" shall be written in the space above provided.

**9.** Expenses of any amount for which we are mutually responsible shall be incurred only with prior written mutual consent. Any Party may elect to absorb an expense in order to advance the production or promotion of the Work and in such instance the Party making the expenditure cannot later require full or partial compensation for such expense from the other Parties.

**10.** All money or other consideration whatsoever derived from the sale or other disposition of the Work shall be applied to the Parties in proportion of their ownership.

pg. 3 of 4

**11.** It is further understood and agreed that, for the purposes of said Agreement, the Parties shall share hereunder, unless otherwise stated herein, the proceeds from the sale or any and all other disposition of the Work and the rights and licenses therein and with respect thereto, including but not limited to future re-printings of the game.

**12.** This Agreement is for a one-time collaboration only and does not cover any sequels or expansions to the work, which shall be subject to a new agreement. Said new agreement for any sequel or expansion shall take into account the shared copyright ownership of the material contained in the original Work.

**13.** The terms of this Agreement shall be in effect continuously with the life of the Work.

**14.** Notices by mail shall be addressed to any address as such Party may hereafter specify by notice duly given.

**15.** Each Party shall endeavor to keep the others informed of any change of contact information regarding this Agreement, but failure to do so, or in a timely manner, shall not affect the terms of this Agreement.

**16.** For purposes of convenience and expediency,

Co-Creator **Joey Vigour**

shall be the primary spokesperson and contact point in matters regarding the Work and the publication process. Each Co-Creator shall keep the other Co-Creators informed in a timely manner in matters and required mutual decisions regarding the Work.

**17.** The terms and conditions of this Agreement shall be binding and inure to the benefit of the executors, administrators, and successors of each of us. Our respective signatures herein below shall constitute this to be a complete and binding Agreement between us. This Agreement may not be assigned or modified by any party without the prior written consent of the others. Any of the terms and conditions of this Agreement may be modified by a written amendment signed by all Parties.

**18.** This Agreement shall be executed in four original copies so that one fully executed copy may, and shall, be delivered to each Party, and the agent representing the Work, or the publisher, whichever is applicable, and the latter only if requested. The Co-Creator identified as spokesperson in clause sixteen of this Agreement shall have initial possession of the fourth executed copy.

**19.** The Parties shall have the right to make known or reference the occurrence of this collaboration, even if sale, option, or other disposition of the Work does not occur. There is no time limit imposed in efforts to achieve the sale, option, or other disposition of the completed Work. This document, including any attachments and signed amendments, is the entire agreement between the Parties.

Author Collaboration Agreement

ACCEPTED AND AGREED this __28th__ day of __October__ , 20 _13_ .

_____
Signature

Joey Vigour

_____
Co-Creator Printed Name

_____
Signature

Danny Vigour

_____
Co-Creator Printed Name

_____
Signature

Matt Austin

_____
Co-Creator Printed Name